UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| In re<br><br>Fenton Sub Parcel D, LLC,<br><br>Debtor. | Case No. BKY 11-44430<br>Chapter 11 Case |
| In re Bowles Sub Parcel D, LLC,<br><br>Debtor. | Case No. BKY 11-44434<br>Chapter 11 Case |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Wells Fargo Bank N.A., as trustee for the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2004-LN2, by and through CWCapital Asset Management LLC, as Special Servicer (the "Lender"), hereby submits the following [Proposed] Findings of Fact and Conclusions of Law in connection with the motion of the debtors, Fenton Sub Parcel D and Bowles Sub Parcel D (the "Debtors") for authority to use cash collateral:

**FINDINGS OF FACT**

1. On or about April 12, 2003, Nomura Credit and Capital, Inc. ("Nomura") made a loan to the Debtors in the amount of $11,604,000. The loan is evidenced by an Amended and Restated Promissory Note dated April 12, 2004 (the "Note"). The debt is secured by a first priority mortgage on the six commercial properties comprising the Pool D Properties (the "Properties") pursuant to an Amended and Restated Mortgage and Security Agreement dated April 9, 2004 but effective April 12, 2004 ("Mortgage"). The debt is also secured by an Amended and Restated Assignment of Leases and Rents dated April 9, 2004 but effective April

12, 2004 (the "Assignment of Rents").  In addition, pursuant to a Cash Management Agreement dated April 12, 2004, portions of the Debtors' monthly debt service payments were placed into an escrow account for taxes and insurance, as well as the following separate reserve accounts: tenant improvements and leasing commissions reserve, repair reserve, replacement reserve, and debt service reserve.

2. On April 12, 2004, Nomura endorsed the Note and assigned the Mortgage and the Assignment of Rents to Wells Fargo Bank, N.A., as trustee for the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2004-LN2.  Berkadia Commercial Mortgage LLC was chosen to be the servicer of the debt.

3. On March 30, 2007, StoneArch II/WCSE Minneapolis Industrial LLC purchased the equity interests of both of the Debtors.  In connection with that purchase, Steven B. Hoyt agreed to assume the obligations under the Indemnity and Guaranty Agreement dated April 12, 2004 between Nomura and Thomas E. Roberts and Michael J. Roberts.

4. Prior to filing for bankruptcy protection, the Debtors defaulted on their obligations under the Note and the loan documents by, among other things, diverting rents, failing to make required monthly payments required by the Note, and allowing at least one junior encumbrance on the Properties.  An additional event of default occurred under the Mortgage as a result of the bankruptcy filing by Steven B. Hoyt on May 31, 2011.  As a result of these defaults, on June 22 and 28, 2011, the amounts in the reserve accounts were applied by the Lender pursuant to the terms of the loan documents.

5. On June 29, 2011 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under the Bankruptcy Code with the United States Bankruptcy Court for the District of

Minnesota. The outstanding amount due on the Note as of the Petition Date was $10,341,108, comprised of $10,236,629.73 in principal, plus unreimbursed costs and expenses of approximately $104,478.00.

6. On June 30, 2011, the Debtors filed the Motion for the use of cash collateral on a final basis. Attached to the Motion was a budget for the Debtors' proposed use of cash collateral. On July 15, 2011, the Lender timely filed its Objection to Motion for Order Authorizing Use of Cash Collateral on a Final Basis. On July 19, 2011, the Debtors filed an Unsworn Declaration of Steven B. Hoyt in support of the Motion (the "Hoyt Declaration"). Attached to the Hoyt Declaration was an amended budget. On July 20, 2011, this Court held a preliminary hearing on the Motion and on July 20, 2011 entered an Order Authorizing Use of Cash Collateral. During the preliminary hearing, the Court did not find that the Lender was adequately protected and instead, in its August 11, 2011 Order, set an evidentiary hearing on this issue for September 19, 2011.

7. The Lender does not consent to the use of its cash collateral.

8. The value of the Properties and other collateral is no more than $10,681,312.

9. The Lender's interest is not adequately protected.

## **CONCLUSIONS OF LAW**

1. This Court has jurisdiction, pursuant to 28 U.S.C. §§ 157(b) and 1334, over these proceedings and over the persons and property affected hereby. Venue for the cases is proper in this district pursuant to 28 U.S.C. § 1408. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Section 363(e) of the Bankruptcy Code provides that, at any time, on request of a party with an interest in the cash collateral, the court "shall prohibit or condition such use as is

necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e). Adequate protection is a safeguard which is provided to protect the rights of secured creditors, to the extent of the value of their property, throughout the proceedings. *In re Midwest Agri Development Corp.*, 387 B.R. 580, 585 (8th Cir. B.A.P. 2008).

3. The Debtors' proposed use of cash collateral does not provide adequate protection to the Lender as required by 11 U.S.C. § 363(e).

4. Because the Debtors have failed to provide adequate protection, they are not entitled or authorized to use the Lender's cash collateral.

Dated: _____

                                                                                  The Honorable Robert J. Kressel
United States Bankruptcy Judge

60642-0340/LEGAL21693481.2